## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAMELA JONES-BRADLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0124** (BOR Appeal No. 2055610)
(Claim No. 2019010943)

**BECKLEY APPALACHIAN REGIONAL HEALTHCARE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela Jones-Bradley, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Beckley Appalachian Regional Healthcare, Inc. ("Beckley ARH"), by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 2% permanent partial disability award on April 26, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its August 14, 2020, Order. The Order was affirmed by the Board of Review on January 21, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Jones-Bradley injured her left wrist when a patient kicked her, and she fell over on November 5, 2018. She sought treatment that day from Beckley ARH and presented with wrist pain and swelling. An x-ray revealed a transverse fracture of the distal radial metaphysis of the left wrist. The Employees' and Physicians' Report of Injury was completed that day and indicates Ms. Jones-Bradley landed on her left wrist, resulting in a fracture as a direct result of her employment.

A November 6, 2018, left wrist CT scan showed a comminuted fracture of the distal radius with longitudinal fracture into the radiocarpal joint. Ms. Jones-Bradley underwent left wrist surgery to treat a displaced distal radius fracture on November 8, 2018. The claim was held compensable for fracture of the lower left radius on November 16, 2018. A left wrist x-ray taken on November 23, 2018, showed good anatomic alignment post-surgery.

A December 11, 2018, treatment record from Beckley ARH indicates Ms. Jones-Bradley reported some numbness in her left wrist. An x-ray showed satisfactory placement of a plate and screws as well as marginal sclerosis. She was diagnosed with ganglion cyst and superficial radial nerve lesion. Physical therapy was recommended for those conditions as well as surgical aftercare. Ms. Jones-Bradley returned to Beckley ARH on January 2, 2019, and reported numbness in the left wrist radial nerve distribution. It was noted that she had abnormal flexion and extension. She was diagnosed with neuroma. A January 4, 2019, left wrist x-ray showed status-post surgery with good alignment.

Treatment notes from Nathan E. Doctry, M.D., indicate Ms. Jones-Bradley was treated for left wrist swelling, pain, and numbness from February 5, 2019, through March 26, 2019. She was diagnosed with carpal tunnel syndrome and neuroma. On March 26, 2019, Dr. Doctry noted that Ms. Jones-Bradley had full extension and pronation. Ms. Jones-Bradley had some range of motion loss in side to side movement of about 10 to 15%, but she was much improved. Dr. Doctry opined that she had reached maximum medical improvement. A left arm EMG/NCS performed on March 13, 2019, was normal.

In an April 9, 2019, Independent Medical Evaluation, Prasadarao Mukkamala, M.D., noted the compensable condition as left wrist fracture. He found that Ms. Jones-Bradley had reached maximum medical improvement. He assessed 2% impairment. The claims administrator granted a 2% permanent partial disability award on April 26, 2019.

Bruce Guberman, M.D., performed an Independent Medical Evaluation on August 12, 2019, in which he found that Ms. Jones-Bradley reached maximum medical improvement and required no further treatment. Dr. Guberman found a combined 7% whole person impairment representing 5% for flexion, 5% for extension, and 2% for ulnar deviation.

In a January 7, 2020, Independent Medical Evaluation, Marsha Bailey, M.D., noted that Ms. Jones-Bradley initially returned to work with restricted duties for four weeks. She then transitioned back to full time work with no restrictions. Dr. Bailey found that Ms. Jones-Bradley's left wrist fracture healed but she had some residual left wrist and thumb pain. Ms. Jones-Bradley had reached maximum medical improvement. Dr. Bailey found normal range of motion and no impairment. In an April 2, 2019, Addendum to her report, Dr. Bailey stated that she reviewed Ms. Jones-Bradley's physical therapy treatment notes and opined that they support her finding of no impairment.

The Office of Judges affirmed the claims administrator's grant of a 2% permanent partial disability award in its August 14, 2020, Order. It found that three physicians evaluated Ms. Jones-Bradley for permanent impairment, Dr. Mukkamala, Dr. Guberman, and Dr. Bailey. Though all three physicians correctly used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), the Office of Judges determined that Dr. Guberman's finding of 12% impairment was clearly not in accord with Dr. Mukkamala's finding of 4% and Dr. Bailey's finding of 0% impairment. The Office of Judges found that Dr. Guberman's range of motion measurements are not supported by Ms. Jones-Bradley's physical therapy treatment notes. The treatment notes show that Ms. Jones-Bradley's extension and flexion range of motion measurements were steadily improving in the ranges of 55 to 63 degrees. Dr. Guberman's finding of 30 degrees for both extension and flexion were significantly lower and not supported by the record. The Office of Judges concluded that Ms. Jones-Bradley failed to show that she is entitled to a greater permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 21, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates Dr. Guberman's report is out of line with the remainder of the medical evidence, including the two additional evaluations and Ms. Jones-Bradley's physical therapy treatment notes.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment